IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IMMANUEL UNITED CHURCH OF CHRIST, | § § § | |
| *Plaintiff*, | § § § | |
| VS. | § § | CASE NO. 4:17-cv-1329 |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, INC., JOHN MILLER and SUSAN SABOUNI, | § § § § § § § | |
| *Defendants*. | § | |

### DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446(a), **Philadelphia Indemnity Insurance Company**, a Defendant in the above-styled case, files this Notice of Removal from the District Court of Harris County, Texas, 164th Judicial District, to the United States District Court for the Southern District of Texas, Houston Division.

#### INTRODUCTION

1.   Plaintiff is Immanuel United Church of Christ ("Plaintiff").

2.   Philadelphia Indemnity Insurance Company ("Philadelphia") is a Defendant that Plaintiff has named.

3.   Engle Martin & Associates, Inc. ("Engle Martin") is another Defendant that Plaintiff has named.

4. John Miller is the third Defendant Plaintiff has named in this case.

5. Susan Sabouni, incorrectly named as "Susan Saboundi", is the fourth and last Defendant Plaintiff has named in this case.

6. Plaintiff commenced this first-party insurance case on April 14, 2017. Plaintiff has asserted causes of action against arising under Texas law against Philadelphia for allegedly breaching the insuring agreement, violating various provisions of chapters 541 and 542 of the Texas Insurance Code, and breaching the common-law duty of good faith and fair dealing. Plaintiff has sued the three other Defendants for allegedly violating various provisions of chapters 541 of the Texas Insurance Code.

7. Philadelphia learned of Plaintiff's filing of this lawsuit in state court on April 18, 2017, four days after Plaintiff commenced the action. Philadelphia is therefore timely filing this Notice of Removal, as it is removing this action may be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## VENUE IS PROPER

8. Pursuant to 28 U.S.C. § 1441(a), this action may be removed to this Court because it is the district and division embracing Harris County, Texas, the county in which the state court action is pending.

## BASIS FOR REMOVAL

9. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

### A. Complete Diversity of Citizenship Exists Between Plaintiff and All Properly Joined and Served Defendants.

10. The "forum-defendant" rule provides that a civil action may not be removed to federal court on the basis of diversity of citizenship jurisdiction "if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Thus, as will be shown below, although one of the four Defendants sued by Plaintiff is an individual who is a resident of Texas, that Defendant has not been served.

11. Plaintiff "is a non-profit religious organization serving Spring, Texas and the surrounding areas." Pl.'s Orig. Pet. ¶ 12, at 3 (included as a part of **Exhibit 5**). Philadelphia issued a policy of insurance to Plaintiff for "the insured property, which is a collection of buildings located at 26501 Border Street, Spring, Texas 77373." *Id.* ¶ 13, at 3.

12. Philadelphia is a corporation organized and existing under the laws of the State of Pennsylvania. *See* Affidavit of Eugene Angiolillo, attached as **Exhibit 1** (attesting to the facts that Philadelphia is incorporated in and maintains its principal place of business in Pennsylvania. *See id.*

13.     Engle Martin is a corporation organized and existing under the laws of the State of Georgia. It also maintains its principal place of business in Georgia. *See* Affidavit of Donald L. Ouzts, attached as **Exhibit 2**.

14.     Defendant Susan Sabouni "is an individual residing in Pennsylvania." Pl.'s Orig. Pet. ¶ 6, at 2.

15.     Defendant John Miller is an individual residing in Texas. *See id.* At this time, however, Plaintiff has not obtained service of process upon John Miller. *See* Affidavit of John Miller, attached as **Exhibit 3**.

16.     A majority of the federal courts considering "snap removal," as Philadelphia seeks here, have held that 28 U.S.C. § 1441(b)(2) permits removal as long as no in-state defendant has been served. The majority of those courts have held that a *non-forum* defendant — such as Philadelphia, in this case — can remove prior to service of any in-state defendant. *See, e.g., Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1128-29 (N.D. Cal. 2012); *In re Diet Drugs Prods. Liab. Litig.*, 875 F. Supp. 2d 474, 477 (E.D. Pa. 2012); *Carrs v. AVCO Corp.*, Civil No. 3:11-CV-3423-L, 2012 WL 1945629, at *2 (N.D. Tex. May 30, 2012); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1219 (D. Haw. 2010); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009).

17.     Most courts following this majority approach permitted removal without consideration of whether the defendant removing the case had been served at the time of removal. *See, e.g., Poznanovich v. AstraZeneca Pharms. LP*, Civ. No. 3:11-cv-04001, 2011 WL 6180026, at *4 (D.N.J. Dec. 12, 2011) ("The Court finds that

the language of the statute is plain, and, thus, adherence to the plain language is required."); *Robertson v Iuliano*, No. RDB-10-1319, 2011 WL 453618, at *2 (D. Md. Feb. 4, 2011) ("The majority of courts that have interpreted section 1441(b) apply the plain language of the statute to allow removal when none of the forum defendants have been served. . . . In this case, applying the plain meaning rule does not lead to absurdity or an outcome at odds with congressional intent.") (citations omitted); *Boyer v. Wyeth Pharms., Inc.*, No. 12739, 2012 WL 1449246, at *2-3 (E.D. Pa. Apr. 26, 2012) ("The pre-service removal of this action by a non-forum defendant where the forum defendant had not been served prior to removal was proper under the unambiguous language of §1441(b)."); *Hutchins v. Bayer Corp.*, No. 08-640, 2009 WL 192468, at *6 & *11 (D. Del. Jan. 23, 2009) (denying motion to remand upon finding that "[t]he language of § 1441 (b) is plain and unambiguous"). These courts found there is simply no statutory requirement that the removing defendant must first have been served with the complaint.

## B.  The Amount in Controversy Exceeds $75,000.

18.     Plaintiff's Original Petition contains the following statement of the monetary relief Plaintiff seeks by way of this lawsuit: "Plaintiff stipulates that the damages in this matter are in excess of $1,000,000." Pl.'s Orig. Pet. ¶ 8, at 2.

19.     Plaintiff therefore seeks damages, exclusive of interest and attorney's fees, in excess of the jurisdictional minimum of $75,000.

## C.  Removal Is Appropriate Under the Court's Diversity Jurisdiction.

20.     In light of these facts, the state court claim may be removed to this Court because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas; (ii) none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought", 28 U.S.C. § 1441(b)(2); and (iii) the amount in controversy exceeds $75,000, exclusive of interests and costs.

### FILING OF REMOVAL PAPERS

21.     Pursuant to 28 U.S.C. § 1446(d), Philadelphia is providing written notice of the filing of this Notice of Removal to all other counsel of record. Further, Philadelphia is filing a copy of this Notice of Removal with the Clerk of the 164th Judicial District Court of Harris County, Texas, where Plaintiff commenced this action.

22.     Philadelphia is filing the following items concurrently with this Notice of Removal, or attaching them to this Notice of Removal as required by Southern District of Texas Local Rule 81: (a) a completed civil cover sheet, JS-44 (**Exhibit 4**); (b) all executed process in the case (**none**); (c) all pleadings asserting causes of action (**Exhibit 5**); (d) any orders signed by the state judge (**none**); (e) a copy of the docket sheet in the state court action (**Exhibit 6**); and (f) a list of all counsel of record (**Exhibit 7**).

## OTHER REMOVAL MATTERS

23. The three other Defendants sued in this cause, Engle Martin & Associates, Inc., John Miller and Susan Sabouni, and have consented to the removal of this action. 28 U.S.C. § 1446(a). Consents to removal are attached as **Exhibit 8**.

## CONCLUSION

24. Philadelphia gives notice to the Court of their removal of the above-captioned action from the 164th Judicial District Court of Harris County, Texas, and request that further proceedings be conducted in the United States District Court for the Southern District of Texas, Houston Division, as provided by law.

Dated: April 28, 2017

Respectfully submitted,

/s/ *William R. Pilat*

William R. Pilat
Texas Bar No. 00788205
S.D. Tex. No. 18655
KANE RUSSELL COLEMAN LOGAN PC
5051 Westheimer Road, 10th Floor
Houston, Texas 77056
Telephone: 713-425-7400
Facsimile: 713-425-7700
E-mail: wpilat@krcl.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2017, a true and correct copy of the foregoing pleading was forwarded to all other counsel of record, as listed below, through the electronic case filing system of the United States District Court for the Southern District of Texas:

Ryan K. Haun
D. Douglas Mena
HAUN MENA, PLLC
3006 Brazos Street
Houston, Texas 77006

/s/   William R. Pilat
William R. Pilat